Charles H. McARTHUR, Plaintiff-Appellee-Appellant,

v.

John H. RUMBAUGH, Defendant-Appellee,

and

Jules G. Evens, Defendant-Appellant-Appellee.

No. 72, Docket 27526.

United States Court of Appeals Second Circuit.

Argued Oct. 29, 1962.

Decided Nov. 16, 1962.

Joseph M. Cohen, New York City, for Charles H. McArthur, plaintiff-appellee-appellant.

John S. Chapman, Jr., of Hirschberg, Pettengill & Strong, Greenwich, Conn. (John F. Lambert, Greenwich, Conn., on the brief), for Jules G. Evans, defendant-appellant-appellee.

Robert E. Nickerson, of Ivey, Barnum, O'Mara & Nickerson, Greenwich, Conn. (Lowell P. Weicker, Jr., Greenwich, Conn., on the brief), for John H. Rumbaugh, defendant-appellee.

Before CLARK, FRIENDLY, and MARSHALL, Circuit Judges.

PER CURIAM.

■■ Defendant Jules G. Evens appeals from a judgment holding him liable to plaintiff for half of the amount he received as commission for effecting the sale of an advertising agency, National Transitads, Inc. The district court found a joint venture between plaintiff and defendant Evens. Plaintiff had pleaded, and attempted to prove, a three-way joint venture (with the other defendant, Rumbaugh, included), which would have given him roughly one-third of the total commission, rather than only half of Evens' half. Evens contends it was error for the court below to find and give judgment for a two-way joint venture. This is a frivolously technical claim. Plaintiff, having amply proved the two-way agreement, tried to show its expansion into a three-way agreement. His failure in this latter attempt should not preclude recovery on what he did prove. Judge Blumenfeld's findings regarding the transactions involved in this case, as set forth in his reasoned memorandum of decision, are far from being "clearly erroneous" and must stand. Federal Rules of Civil Procedure, rule 52(a). Further the judge was obviously justified in concluding from the record of the pre-trial hearings and the trial itself that Evens had full and fair notice of plaintiff's claims. And since this issue was so clearly encompassed within the testimony presented, the judgment necessarily followed in any event under F.R.Civ.P. 54 (c).

Plaintiff appeals from the court's refusal to give judgment against Rumbaugh; but this, too, was foreclosed by the court's findings.

Affirmed.